UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SABRIA LOSSIA,

    Plaintiff,

v.

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, successor by merger to Chase Home Financial, LLC,

    Defendant.

_____/

CASE NO. 2:14-cv-11361

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

### I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6). (Doc. 5.) Plaintiff has brought a Complaint seeking to quiet title and alleging breach of foreclosure procedures set forth in MICH. COMP. LAWS § 600.3205 et seq. (Doc. 1, Ex. 1.) The Complaint also seeks conversion of foreclosure by advertisement to a judicial foreclosure, injunctive relief, a stay and tolling of the redemption period, and a constructive trust over the property. (Id.) Additionally, Plaintiff's response requests a stay on ruling of the present motion, pending discovery. (Doc. 7.) Defendant argues that because Plaintiff cannot show that any foreclosure procedures were violated, her claim must be dismissed. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

### II.    STATEMENT OF FACTS

On August 8, 2007, Plaintiff entered into a mortgage and loan agreement with Defendant in the amount of $530,000, secured by a home located at 1788 Cass Lake Front Road, Keego Harbor, Michigan ("the Property"). (Doc. 5, Ex. 1.) In 2009, Plaintiff defaulted on her mortgage payments, and Defendant initiated foreclosure by advertisement proceedings. Defendant sent Plaintiff notices on February 22, 2010, and March 9, 2010, stating that Plaintiff had the right to request a meeting with Defendant's agent in order to discuss modification of the mortgage loan. (Doc. 5, Ex. 3.) The notices stated that Plaintiff must request such a meeting within fourteen days of the dates the notices were sent. On March 10, 2010, Defendant published a notice to the same effect in the Oakland County Legal News. (Doc. 5, Ex. 4.)

On November 9, November 16, November 23, and November 30, 2010, Defendant published in the Oakland County Legal News a notice stating that Plaintiff's mortgage would be foreclosed by a sheriff's sale of the Property on December 7, 2010. (Id.) Defendant also affixed this notice to the front door at the Property. The sheriff's sale was adjourned until September 17, 2013, Defendant claims, because Chase and Plaintiff were working to find other loss mitigation options. At the sheriff's sale, Defendant purchased the Property for $409,872.00 and took title per a Sheriff's Deed on Mortgage Sale, subject to Plaintiff's six-month statutory right to redeem. Defendant asserts, and Plaintiff does not contest, that she made no effort to redeem the Property before her right to do so expired on March 17, 2014.

On March 12, 2014, five days before the expiration of the redemption period, Plaintiff filed the present action in Oakland County Circuit Court. She alleges four causes of action: (1) quiet title, (2) breach of MICH. COMP. LAWS § 600.3205 et seq., (3)

2

conversion of foreclosure by advertisement to judicial foreclosure, and (4) injunctive relief. Plaintiff seeks entry of an order setting aside the foreclosure sale because Defendant failed comply with the foreclosure procedures set forth in MICH. COMP. LAWS §§ 600.3205a-d.

Defendant removed the action to this Court (Doc. 1), and on May 30, 2014, filed the instant motion to dismiss (Doc. 5.) On June 13, 2014, the Court notified the parties that it would decide Defendant's motion without oral argument.

### III. STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to Rule 12(b), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S., 544, 570 (2007)). A claim that is plausible "pleads factual content that allows the court to draw the reasonable inference" and demonstrates "more than a sheer possibility" that the plaintiff's claim has merit. Id. A complaint that offers "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. While a court must accept as true all factual allegations set forth in a plaintiff's complaint, it is not bound to accept as true a legal conclusion or a legal conclusion couched as a factual allegation. Id. All legal conclusions must be supported by the factual allegations. Id. at 679.

In deciding a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues &

Rights, Ltd., 551 U.S. 308, 322 (2007). Further, the Sixth Circuit has found that courts may consider documents not formally incorporated by reference but that are referred to in the complaint and are central to the plaintiff's claim. See Greenberg v. Life Ins. Co., 177 F.3d 507, 514 (6th Cir. 1999).

**IV. DISCUSSION**

The statute at issue in the present case has been repealed, effective June 30, 2013, see MICH. COMP. LAWS § 600.3205e (2012), and was later superseded by § 600.3204 (2014). Defendant notes that the Michigan Court of Appeals has declined to apply §§ 600.3205a-d since the repeal, even when the foreclosure proceedings took place before the repeal. See Hardwick v. HSBC Bank United States, No. 310191, 2013 Mich. App. LEXIS 1278 at *4-5 (Mich. Ct. App. July 23, 2013) ("the Michigan Legislature has repealed the mortgage-modification statutes relied on by plaintiffs in this case, effective June 30, 2013. Thus, even if plaintiffs had possessed standing to pursue this action, the issues presented in this case are now moot because neither the circuit court nor this Court can fashion the relief that plaintiffs seek on appeal" (citations omitted)).

In arriving at this conclusion, the court relied on Conlin v. Scio Twp., which involved a land developer's constitutional challenge of a zoning ordinance. See 262 Mich App. 379, 384 (Mich. Ct. App. 2004). The Conlin court noted in dicta that because the ordinance had already been repealed, the plaintiffs' challenges to it could be considered moot. Id. Hardwick's reliance on Conlin with respect to this issue seems misplaced. Whereas Conlin concerned a constitutional challenge to a law that had been repealed, Hardwick involved a statute's applicability to and effect on events that had taken place when it was still in effect.

Other courts, both at the state and federal levels, have applied §§ 600.3205a-d in cases involving foreclosures that took place when it remained in effect. See, e.g., Selakowski v. Fed. Home Loan Mortg. Corp., No. 13-12335, 2014 U.S. Dist. LEXIS 37966 at *31 (E.D. Mich. March 24, 2014) ("[t]o be sure, the Michigan loan modification statute in place at the time at issue here imposed a duty upon lenders to engage in a loan modification process"); Attisha v. Cent. Mortg. Co., No. 314762, 2014 Mich. App. LEXIS 1349 at * 4 (Mich. Ct. App. July 22, 2014) ("[a]t the time of plaintiff's foreclosure pursuant to MCL 600.3205a, a foreclosing party was required to provide a borrower with notice regarding the opportunity to negotiate loan modification"). The foreclosure proceedings in the present case were initiated in 2010, when § 600.3205 et seq. was still in effect. Therefore, those provisions are applicable here.

In accordance with these provisions, after a sheriff's sale, a mortgagor has a statutory right to redeem the property by paying a requisite amount within six months of the sale. MICH. COMP. LAWS § 600.3240. If the mortgaged property is not redeemed within six months, the mortgagor's rights in the property are extinguished, and the sheriff's deed vests with the purchaser all rights, title, and interest. Yono v. Deutsche Bank Nat'l Trust Co., No. 13-13218, 2014 U.S. Dist. LEXIS 25826 at *6 (E.D. Mich. February 28, 2014).

Filing a lawsuit prior to the expiration of the redemption period does not toll the redemption period. Id. Once the statutory deadline for redeeming a foreclosed property has expired – as it has in this case – the redemption period may be equitably extended only by a clear showing of fraud or irregularity in the foreclosure proceedings. See Overton v. Mortg. Elec. Registration Sys., No. 284950, 2009 Mich. App. LEXIS 1209 at

\*3 (Mich. Ct. App. May 28, 2009).  In order to show fraud or irregularity, plaintiffs must plead that they were prejudiced by a defendant's failure to comply with foreclosure regulations.  <u>Yono</u>, 2014 U.S. Dist. LEXIS 25826 at \*9.

Plaintiff alleges several irregularities in the foreclosure process.  First, she contends that Defendant failed to send her notice of her right to participate in modification negotiations.  Defendant, however, has provided copies of the notices mailed to Plaintiff (Doc. 5, Ex. 3), as well as a notarized affidavit attesting that such notice was published in the Oakland County Legal News (Doc. 5, Ex. 4).  These notices comply with all requirements set forth in M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 600.3205a.  The Court may consider these documents, as they are referenced in the Complaint and are central to Plaintiff's claim.

Next, Plaintiff alleges that Defendant either failed to determine or incorrectly determined her eligibility for a loan modification and that Defendant failed to provide her the requisite calculations used to determine eligibility.  However, Plaintiff has not alleged that she contacted Defendant to initiate the loan modification process.  Moreover, she has "failed to plead any specific facts as to *how* [she] made the purported request [for a modification meeting] (i.e., in writing, verbally); *when* [she] made it; or *to whom* it was directed."  <u>West v. Wells Fargo Bank, N.A.</u>, No. 2:12-cv-13572, 2013 U.S. Dist. LEXIS 89577 at \*9 (E.D. Mich. June 26, 2013).  In spite of her assertions that she was eligible for a loan modification, Plaintiff does not offer any further factual allegations in support.  Such conclusory statements and meager facts have been found to be insufficient "to raise a right to relief above the speculative level" or to make Plaintiff's claim "plausible on its face."  <u>See</u> <u>Powell v. Bank of N.Y. Mellon</u>, No. 12-cv-14411, 2014 U.S. Dist.

LEXIS 95121 at *7 n. 5 (E.D. Mich. July 14, 2014); Id. (quoting Twombly, 550 U.S. at 555). Plaintiff has not pleaded facts adequately demonstrating that Defendant was obligated to determine her eligibility for a loan modification or to provide her with associated calculations.

Even if Defendants had violated the loan modification regulations, the statute provides only the following remedy: "the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." MICH. COMP. LAWS § 600.3205e(8); Powell, 214 U.S. Dist. LEXIS 95121 at *9. Plaintiff failed to pursue this remedy before the foreclosure sale occurred but now seeks such relief. However, the Sixth Circuit has found that the right to convert a foreclosure by advertisement to a judicial foreclosure must be exercised before the foreclosure sale occurs. Smith v. Bank of Am. Corp., 485 F. App'x 749, 756 (6th Cir. 2012) ("[Plaintiffs] brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert").

Accordingly, Plaintiff has failed to plead facts that, taken as true, would demonstrate fraud or irregularity in the foreclosure process. Therefore, the Court may not toll the expiration of the redemption period. Because the redemption period has expired without Plaintiff redeeming the Property, title has vested in the purchaser pursuant to the Sheriff's Deed on Mortgage Sale. See Yono, 2014 U.S. Dist. LEXIS 25826 at *6. None of Plaintiff's substantive counts in the Complaint successfully state a claim on which relief may be granted.

Plaintiff also requests a stay of the present motion, pending discovery. When determining a motion to dismiss, the Court is confined to consider only the Complaint,

7

documents referenced in the Complaint, and facts of which the Court may take judicial notice. Therefore, no amount of discovery can affect whether a complaint states a claim for purposes of Rule 12(b)(6). See Mitchell v. McNeil, 487 F.3d 374, 379 (6th Cir. 2007) (because plaintiffs' complaint failed to state a claim for relief, "it follows that the district court did not err in granting defendants' Rule 12(b)(6) motion before permitting discovery by plaintiffs"). Therefore, the existence of an opportunity for discovery is irrelevant, and the Court denies Plaintiff's request for a stay.

**V.  CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** the present case.

**IT IS SO ORDERED.**

Date: August 18, 2014                s/Marianne O. Battani
                                     MARIANNE O. BATTANI
                                     United States District Judge

8